IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. LESLIE COOPER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>1. JAMES HODGE HYUNDAI, INC., a )<br>domestic for profit business corporation, )<br>)<br>Defendant. ) | Case No. 14-CV-351-KEW<br><br>*Jury Trial Demanded*<br><br>*Attorney Lien Demanded* |

## COMPLAINT

**COMES NOW** Leslie Cooper, Plaintiff in the above-entitled action, by and through his attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and for his causes of action alleges as follows:

### JURISDICTION, VENUE, PARTIES

1.  Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C.A. § 1331 (West 2013) and 28 U.S.C.A. § 1343(a)(4) (West 2013), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*. (West 2013), as well as 42 U.S.C.A. § 1981 (West 2013).

2.  Venue is appropriate as all incidents alleged herein occurred within the Eastern District of Oklahoma.

3.  Plaintiff Leslie Cooper, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Muskogee County, Oklahoma.

4.  Defendant James Hodge Hyundai, Inc. ("JHH"), at all times relevant to the claims alleged herein, upon information and belief, was and is a domestic for profit business corporation operating in and under the laws of the State of Oklahoma, was and is an employer affecting commerce with fifteen (15) or more employees as defined under 42 U.S.C.A. §

2000e(f), and was and is a business operating in the City of Muskogee, Muskogee County, Oklahoma, and additionally, is one of several automobile dealerships under the umbrella of "James Hodge," which includes James Hodge Ford, James Hodge Toyota, James Hodge Chevy, and James Hodge Dodge /Chrysler /Jeep /Ram, in addition to the above-named Defendant.

5. Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

### PLAINTIFF'S STATEMENT OF THE FACTS

6. Plaintiff Leslie Cooper incorporates paragraphs 1 through 5 herein as if fully set forth verbatim.

7. Plaintiff was, at all times relevant to allegations contained herein, an employee of Defendant JHH within the meaning of 42 U.S.C.A. § 2000e(f), who worked as a salesperson for Defendant at its dealership located at 1330 North Main Street, City of Muskogee, Muskogee County, Oklahoma.

8. Further, Plaintiff has been at all times relevant to the claims alleged herein a member of recognized protected classes under applicable federal statutes and law, that being African American, as well as a male.

9. Plaintiff began his employment with the James Hodge auto group on or about February, 2011, at JHH.

10. Beginning in March, 2013, Plaintiff was subjected to unwanted, unwelcome and pervasive comments of a sexual and racial nature by JHH General Manager, Dave Thompson, who succeeded James A. Byrd in that position, subsequent to Byrd's discharge.[1]

11. Such commentary included the following:

---

[1] James A. Byrd filed a Charge with EEOC and is filing a Complaint against Defendant JHH alleging a retaliatory discharge.

      a.      Upon hearing another employee remark to co-employee Karl Hulcher that Hulcher had something running on the side of his mouth, Thompson rubbed Hulcher's leg above the knee in a sexually suggestive manner.[2]

      b.      While Plaintiff was in the process of making a sale to a female same-sex couple, Thompson told Plaintiff to "stop playing around, unzip your pants, pull it [Plaintiff's penis] out, and I'll bet they'll sign," making a comment that was not only sexually offensive, but also made reference to a racial stereotype regarding black males being unnaturally endowed.

      c.      Thompson further commented when Plaintiff was nearing the consummation of the sale of two vehicles to said couple that if Plaintiff did make those sales Thompson would give Plaintiff a "hand job" (meaning he would masturbate Plaintiff); when Plaintiff stated that he found the concept objectionable, Thompson responded with a sarcastic question: "Why?  Because I'm too old?"

      d.      As Plaintiff was standing outside of the building smoking a cigarette, Thompson, who was standing inside, on the other side of the glass, produced a banana and began licking it while staring at Plaintiff; when Plaintiff went back inside, Thompson asked Plaintiff if he would like to engage in the "banana trick like Joey" (referencing another incident in which another salesman put an entire banana in his mouth and Thompson made a remark to Lamont Lee suggesting he perform oral sex on Thompson under Thompson's desk).

      e.      While Plaintiff was standing in the workplace with another African American co-employee, Lamont Lee, Thompson remarked to them and another JHH

---

[2] Similarly, Karl Hulcher has filed a Charge with EEOC and is filing a Complaint against JHH, alleging hostile work environment.

employee in the area that they should all got get some watermelons and that Thompson could not tell Plaintiff and Lee apart; both comments referenced well-established, demeaning stereotypes regarding African Americans that Plaintiff and Lee clearly understood and found offensive.[3]

    f.    Thompson also made physical contact with Plaintiff, and when Plaintiff told him to stop such contact because he found it offensive, Thompson responded by saying, "I can't help it – you're too sexy."

12.    On March 13, 2013, Thompson instructed employees, including the aforementioned Karl Hulcher and Lamont Lee, to report to a conference room where they were subjected to questions regarding James A. Byrd and Stephen Battle, both of whom had been discharged days before.[4]

13.    Specifically, said employees were instructed to answer questions by a JHH attorney, with a certified shorthand reporter ("CSR") present, questions which involved the employees' knowledge of any interactions between EEOC and Byrd and Battle regarding their employment with JHH.

14.    Plaintiff was not at work that date, but upon his return the next day, he was instructed to call the attorney who was questioning the other employees.

15.    Plaintiff made the call, but when he advised that he did not wish to answer any questions without counsel present, he was threatened by the attorney with being compelled to answer questions under a subpoena.

---

[3] Similarly, Lamont Lee filed a Charge against Defendant JHH with EEOC and is filing a Complaint alleging causes of action similar to Plaintiff's.

[4] Stephen Battle was a sales manager with JHH, who was African American. Similar to the others mentioned herein, Battle filed a Charge against Defendant JHH with EEOC and is also filing a Complaint alleging racial discrimination.

16. Moreover, the head of the Hodge family of automobile dealerships, Jack Hodge, was heard to state to employees at JHH that "Dave Thompson is in charge and what he says goes."

17. The facts described in paragraphs 11 through 16 above are demonstrative of a pattern of workplace harassment that permeated the family of dealerships under the Hodge umbrella, previous to and including the times alleged herein, matters which were known to Plaintiff and the other complainants mentioned herein.

18. Specifically, Plaintiff, Stephen Battle, Karl Hulcher, Leslie Cooper, and particularly James Byrd, were all aware of charges filed at EEOC by two former employees, Mitchell Roseberry and Joseph Perrymore, that colorably alleged same sex harassment amounting to a hostile work environment, and that those two matters were recently resolved at EEOC, just prior to Thompson replacing Byrd as General Manager in early March, 2013, though neither Plaintiff nor the others know of the details of the resolution.

19. James Byrd had personal knowledge of the facts alleged in the Roseberry and Perrymore Charges, in that Byrd was subjected to the same form of same sex harassment, and further, was approached by Jack Hodge and Mark Ford to make false statements to EEOC, averring that Byrd did not witness the acts of same sex harassment to which Roseberry, Perrymore, and Byrd himself were subjected by Hodge and Ford; Byrd refused to comply with Hodge's and Ford's request.

20. Additionally, during the times alleged herein, specifically in March 2013, Mark Ford, a member of the Hodge Auto Group management, came to JHH and announced that all employees were to undergo "sensitivity training."

21. Finally, due to the continuous, pervasive, and offensive comments to which Plaintiff was subjected on the part of General Manager Dave Thompson, who had authority to hire, fire, promote or demote employees at JHH during the approximate four weeks that Plaintiff was under the supervision of Thompson, Plaintiff constructively discharged from his position on or about April 3, 2013.

22. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") within one hundred eighty (180) days of the events described herein.

23. Pursuant to Plaintiff's complaint, EEOC issued a "Dismissal and Notice of Rights," or "Right to Sue Letter," on June 3, 2014, and this matter has been filed within ninety (90) days of its issuance.

**FIRST CAUSE OF ACTION**
**HOSTILE WORK ENVIRONMENT**
**TITLE VII, 42 U.S.C.A. §§ 2000e *et seq*.**
**AS TO DEFENDANT JHH**

24. Plaintiff Leslie Cooper incorporates paragraphs 1 through 23 herein as if fully set forth verbatim.

25. Plaintiff, while an employee of Defendant JHH, was subjected to a hostile work environment by his supervisor, Dave Thompson, through his pervasive, derogatory and unwelcome comments which were sexually-based, creating a workplace environment which a reasonable person would deem intolerable, and which Plaintiff did deem intolerable.

26. Dave Thompson, as the General Manager of JHH, had unfettered authority to hire, fire, promote or demote employees at the dealership.

27. As a result of the actions constituting a hostile work environment perpetrated by the highest ranking member of management at Defendant JHH, General Manager Dave

Thompson, the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* were violated, causing him injury.

**SECOND CAUSE OF ACTION**
**HOSTILE WORK ENVIRONMENT**
**42 U.S.C.A. § 1981**
**AS TO DEFENDANT JHH**

28.     Plaintiff Leslie Cooper incorporates paragraphs 1 through 27 herein as if fully set forth verbatim.

29.     Plaintiff, while an employee of Defendant JHH, was subjected to a hostile work environment by his supervisor, Dave Thompson, through his pervasive, derogatory and unwelcome comments which were race-based, specifically, demeaning to people of African American descent, creating a workplace environment which a reasonable person would deem intolerable, and which Plaintiff did deem intolerable.

30.     Dave Thompson, as the General Manager of JHH, had unfettered authority to hire, fire, promote or demote employees at the dealership.

31.     As a result of the actions constituting a hostile work environment perpetrated by the highest ranking member of management at Defendant JHH, General Manager Dave Thompson, the rights of Plaintiff under 42 U.S.C. § 1981 were violated, causing him injury.

**THIRD CAUSE OF ACTION**
**CONSTRUCTIVE DISCHARGE**
**TITLE VII, 42 U.S.C.A. §§ 2000e *et seq*.**
**AS TO DEFENDANT JHH**

32.     Plaintiff Leslie Cooper incorporates paragraphs 1 through 31 herein as if fully set forth verbatim.

33.     Plaintiff and Defendant JHH had an established employer-employee relationship during the period of time that Dave Thompson, as General Manager of Defendant JHH and

Plaintiff's supervisor, subjected Plaintiff to unwelcome sexual and offensive comments that adversely affected Plaintiff's terms and conditions of employment.

34. Defendant JHH, by and through Dave Thompson's conduct, made Plaintiff's working conditions so intolerable that a reasonable person in Plaintiff's situation would find no alternative other than to quit said employment.

35. Accordingly, Plaintiff separated from his employment with Defendant JHH.

36. As a result of the intolerable actions perpetrated by the highest ranking member of management at Defendant JHH, General Manager Dave Thompson, the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* were violated, causing him injury.

### FOURTH CAUSE OF ACTION
### CONSTRUCTIVE DISCHARGE
### 42 U.S.C.A. § 1981
### AS TO DEFENDANT JHH

37. Plaintiff Leslie Cooper incorporates paragraphs 1 through 36 herein as if fully set forth verbatim.

38. Plaintiff and Defendant JHH had an established employer-employee relationship during the period of time that Dave Thompson, as General Manager of Defendant JHH and Plaintiff's supervisor, subjected Plaintiff to unwelcome sexual and offensive comments that adversely affected Plaintiff's terms and conditions of employment.

39. Accordingly, Plaintiff separated from his employment with Defendant JHH.

40. As a result of the intolerable actions perpetrated by the highest ranking member of management at Defendant JHH, General Manager Dave Thompson, the rights of Plaintiff under 42 U.S.C. § 1981 were violated, causing him injury.

**PUNITIVE AND EXEMPLARY DAMAGES**

41. Plaintiff Leslie Cooper incorporates paragraphs 1 through 40 herein as if fully set forth verbatim.

42. The acts and omissions by Defendant JHH, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

43. As a direct result of Defendant's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant, subject to applicable statutory caps, and sufficient to deter others similarly situated from like behavior.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Leslie Cooper prays this Court to grant to him the following relief:

A. Judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00);

B. Punitive damages against Defendant to the extent permitted by law;

C. Order Defendant to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D. Any other such further relief this Court deems just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979

        401 South Boston Avenue
        Mid-Continent Tower, Suite 450
        Tulsa, Oklahoma 74136
        (918) 924-5101 – Telephone
        (918) 512-4888 – Facsimile
        David@KLGattorneys.com
        Tim@KLGattorneys.com
        ***Attorneys for Plaintiff:***
        ***Leslie Cooper***